REDMANN, Judge
(dissenting).
Defendant appeals from an injunction “prohibiting the sale of obscene books” under penalty of contempt of court. We might amend this injunction to specify the prohibited books (by title or magazine issue number) and photographs (e. g., “penis in mouth”, as the trial judge described them), and thus cure the vagueness and overbreadth of the order. But the Louisiana Supreme Court, in Gulf States Thea-tres of La. Inc. v. Richardson, 1973, 287 So.2d 480, in voiding the enjoining of the film “Last Tango in Paris”, has reasoned *7 that the civil statute authorizing the enjoining of obscenity is unconstitutional. The question presented here is whether any authority remains in lower courts to enjoin constitutionally suppressible obscenity.
The question whether suppressible obscenity should be suppressed is for a state’s legislature to decide. The Louisiana Legislature has decided that suppression should occur (and this is not the place to philosophize agreement or disagreement with that legislative decision). But our statute has, Gulf States reasons, gone beyond constitutional limits in authorizing not only suppression of unprotected obscenity but also suppression of some expression whose freedom is constitutionally guaranteed.
According to the petition defendant exhibited for sale magazines picturing “sexual activity between man and woman, man and man, woman and woman, and woman and animals where the sex organ of one or both of the participants was used . consisting of acts of fellatio, cunnilingus, sodomy, buggery, copulation and various homosexual and lesbian activity.”
The judgment appealed from is not a criminal sentence resulting from a criminal prosecution. It does not condemn defendants to prison or fine them. Properly amended by us, it would merely order them not to sell such materials, specifically described, in the future.
Gulf States discusses at length the constitutional intolerability of prior restraint of expression, which it found present in both the injunction without hearing and the padlocking of the premises which are in terms allowed by La.R.S. 13:4711-13:4717. (However, neither of these devices was in fact there present, and neither is here present.) Gulf States further reasoned that the unenforceability as criminal law of the criminal obscenity statute, R.S. 14:106(2) and (3), was an additional reason to reject the civil statute authorizing injunction' against obscenity, since R.S. 13 :4711-13:4717 employed the criminal law as the definition of obscenity.
On its facts, Gulf States reversed an injunction against showing the film “Last Tango in Paris”. From descriptions of that controversial film in the news media, one might suppose that, despite some simulated sexual representations, the film did offer something dramatic besides sex to its viewers. It might therefore be questioned whether that film, “taken as a whole, do[es] not have serious literary, artistic, political or scientific value”, Miller v. California, 1973, 413 U.S. 15, 25, 93 S.Ct. 2607, 2615, 37 L.Ed.2d 419. Thus, presumably, Gulf States might havé reached the conclusion that “Last Tango” was not within the constitutionally-permissible scope of a civil obscenity suppression statute. (I repeat that the court expressly declined to so limit its reasoning.)
Our petition alleges no “Last Tango”. Its allegations suggest the total absence of serious value of the items sought to be enjoined. If there does remain — as the United States Supreme Court in Miller affirms —any matter not protected by constitutional freedom, the allegations of our petition indicate that unprotected matter is the object of this injunction.
Nevertheless this court is bound by the ruling of the Louisiana Supreme Court, and that court has “declare[dj R.S. 13:4711-4717 unconstitutional, insofar as they attempt to declare obscenity a public nuisance.” 287 So.2d at 493. But because that decision was in fact a ruling on a film which at least may have serious value, and the matter here involved seems to have no such pretension, I would, on the possibility that Gulf States might be distinguished, certify to the Louisiana Supreme Court, La.Const, art. 7, § 25, the questions:
First. Does Gulf States inescapably annul the entirety of La.R.S.•• 13:4711-13:4717, so that photography, including close-up detail, of even the most wanton and perverse sexual congress may be dis *8 played and sold free from the injunctive power of the courts? Or, may the lower courts of this state construe the binding authority of Gulf Stales (despite its broad language) as limited to its facts, and therefore not controlling in cases of indefensibly explicit coition?
Second. If Gulf States may be so limited, may a criminal obscenity statute that has been declared unconstitutionally vague or overbroad for purposes of criminal prosecution of past action nevertheless suffice as a definition of the area within which civil injunction may prohibit future action, if the enjoined future action is specifically set forth in the injunction? For civil purposes only, may vagueness or ov-erbreadth in the statutory definition of obscenity be made immaterial by the court’s specific wording of an injunction to inform a party precisely, in unmistakable language, of the constitutionally-unprotected behavior enjoined in the future ?